UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MESHAW DANIEL, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 1:17-cv-70-NAB |
| v. | ) ) |
| JAMES WILLIAMS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff MeShaw Daniel, a pretrial detainee at the Scott County Jail,[1] for leave to commence this action without prepayment of the filing fee. The motion will be granted. In addition, the Court will dismiss the official capacity claims against all defendants and the individual capacity claim against Williams, and direct the Clerk of Court to issue process upon the complaint as to defendants Keith Bickford and Anthony Moody in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] According to Missouri Case.Net, the State of Missouri's online docketing system, plaintiff presently faces criminal charges in the 33rd Judicial Circuit Court for assault in the first degree, unlawful use of a weapon, domestic assault in the second degree, unlawful possession of a firearm, and armed criminal action in connection with his actions on February 4, 2017. *See State v. MeShaw Daniels*, https://www.courts.mo.gov/casenet/cases/charges.do, Case No. 17-MI-CR00104-02 (Apr. 13, 2017).

monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement showing an average monthly balance of $14.72. The Court will therefore assess an initial partial filing fee of $2.94, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to

allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against Charleston, Missouri law enforcement officers James Williams, Keith Bickford, and Anthony Moody. Plaintiff sues each defendant in both his official and individual capacity.

Plaintiff claims that, on February 4, 2017, he was arrested and taken to the police department and placed in an interview room. Williams asked him to take a gunshot residue test, and plaintiff refused. Williams left the room and reentered thirty minutes later, moved plaintiff to a different room with a bench, shackled him to the bench, and left. He returned with a gunshot residue test kit, and was accompanied by Bickford and Moody. Williams demanded a sample from plaintiff, and he refused. Williams told Bickford and Moody to grab plaintiff, and Williams himself grabbed plaintiff's left arm. Moody repeatedly punched plaintiff in the face, and Bickford stood on the bench plaintiff was shackled to and put plaintiff in a choke hold, lifted and held him off the floor by his neck, and pressed his fingers into plaintiff's neck "trying to make [plaintiff] pass out." (Docket No. 1 at 6). Plaintiff alleges this continued for approximately three minutes.

3

In his prayer for relief, plaintiff states he "would like relief in the form of money do [*sic*] to physical and emotional abuse" and specifies he seeks "$500,000 do [*sic*] to emotional and physical abuse." *(Id.* at 7).

## Discussion

Plaintiff's official capacity claims against Williams, Bickford and Moody will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, which in this case is the City of Charleston Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if plaintiff had named a proper party defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Therefore, the complaint is legally frivolous as to Williams, Bickford and Moody in their official capacities.

The Court now turns to plaintiff's individual capacity claims. It is clear, from plaintiff's allegations and his prayer for relief, that he seeks monetary damages due to physical and emotional injuries caused by the use of allegedly excessive force. Having liberally construed the complaint, the Court determines that plaintiff's claims that Bickford and Moody used excessive force against him survive review pursuant to 28 U.S.C. § 1915, and may proceed. The Court will therefore direct the Clerk of Court to issue process upon the complaint as to defendants Bickford

and Moody in their individual capacities as to plaintiff's claims of excessive force in violation of the Fourth Amendment to the United States Constitution.[2]

Plaintiff's excessive force claims against Williams, however, do not survive initial review. Plaintiff alleges only that Williams grabbed his arm. Such allegations do not state a claim of excessive force in violation of the Fourth Amendment. *See Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (more than *de minimis* force is necessary to support a claim of excessive force in violation of the Fourth Amendment). Therefore, plaintiff's individual capacity claim against Williams will be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.94 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants James Williams, Keith Bickford, and Anthony Moody are **DISMISSED** pursuant to 28 U.S.C. §

---

[2] Plaintiff also describes being subjected to an illegal search, but it is apparent that he includes this information in the context of explaining the lack of justification for the force used, and he only seeks relief due to "physical and emotional abuse." (Docket No. 1 at 7). Even so, plaintiff is advised that a 42 U.S.C. § 1983 claim of illegal search in violation of the Fourth Amendment accrues at the time of the allegedly illegal search. To pursue such a claim, plaintiff would need to bring a new civil action under 42 U.S.C. § 1983. Plaintiff is also advised that, depending upon the allegations in such a case, it may be subject to a stay, pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), until the resolution of any relevant state court proceedings.

1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's individual capacity claim against defendant James Williams is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon the complaint as to defendants Keith Bickford and Anthony Moody in their individual capacities.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 2nd day of August, 2017.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE