UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MESHAW DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-70 CAS |
| | ) | |
| JAMES WILLIAMS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court following reassignment to the undersigned, on plaintiff's letter dated October 12, 2017, which the Court construes as a second motion for appointment of counsel. The Court previously denied plaintiff's motion for appointment of counsel without prejudice to refiling at a later time. After considering the motion and the pleadings, the motion will be denied without prejudice to refiling at a later time.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by Doe v. Cassel, 403

F.3d 986, 989 (8th Cir. 2005) (citations omitted).  This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered.  See id.  For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony.  There may be no indication in the record that the plaintiff is unable to investigate or present his case where he correctly identifies the applicable legal standard governing his claims or, for example, successfully amends his complaint to include essential information.  Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to him.

The Court finds that appointment of counsel is not mandated at this time.  Discovery has just begun, and the record does not support the need for appointment of counsel as there is no indication of factual complexity or that plaintiff is unable to investigate or present his case. Plaintiff has filed articulate and easily understood pleadings which indicate that he is capable of clear expression and appropriate organization of content.  The Court would not benefit from the appointment of counsel at this time.  Thus, the Court will deny plaintiff's motion for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter to the Court, construed as a second motion for appointment of counsel, is **DENIED** without prejudice. [Doc. 22]

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of December, 2017.