UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MESHAW DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-70 CAS |
| | ) | |
| JAMES WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on remaining Defendants Keith Bickford and Anthony Moody's ("Defendants") Motion for Sanctions for Plaintiff's Failure to Respond to Written Discovery and to Comply with a Court Order and Second Motion for Sanctions for Plaintiff's Failure to Comply with the Court's Orders. (Docs. 30 and 33). Plaintiff MeShaw Daniel ("Plaintiff") has not responded to Defendants' Motions and the time to do so has passed. For the following reasons the Court will grant Defendants' Motions in part and deny in part and will dismiss the case without prejudice.

I.  BACKGROUND

Plaintiff, presently an inmate at the Southeast Correctional Center, filed a complaint in this Court on May 8, 2017. He sought and was granted leave to proceed in forma pauperis. Plaintiff has failed to respond to Defendants' interrogatories and requests for production of documents served on Plaintiff via U.S. Mail on December 7, 2017.

The Court previously granted Defendants' motion to compel and ordered Plaintiff to respond to Defendants' written discovery ("February 7 Order"). (Doc. 27). The Court specifically cautioned Plaintiff that his failure to timely and fully comply with the Court's order

could result in sanctions as contemplated by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Plaintiff failed to comply with the February 7 Order issued by this Court and Defendants filed a Motion for Sanctions for Plaintiff's Failure to Respond to Written Discovery and to Comply with a Court Order.  (Doc. 30).

On June 4, 2018 the Court issued an order ("June 4 Order") holding Defendants' Motion for Sanctions in abeyance for ten (10) days and providing Plaintiff with an additional ten (10) days to comply with the Court's February 7 Order.  (Doc. 32).  The Court specifically cautioned Plaintiff that his failure to comply with the June 4 Order would result in dismissal of the action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

Defendants have now filed a Second Motion for Sanctions for Plaintiff's Failure to Comply with the Court's Orders.  (Doc. 33).  Defendants assert that Plaintiff still has not provided the discovery responses, and now move to dismiss the case with prejudice.  Defendants also seek their attorney's fees and expenses incurred as a result of Plaintiff's failure to provide discovery responses.  As of the date of this Memorandum and Order, Plaintiff has not filed a response to Defendants' Motions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes courts to impose various sanctions for a party's failure to comply with court orders and the Federal Rules of Civil Procedure.  The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct."  Hutchins v. A. G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).  However, the sanction must be proportionate to the litigant's transgression.  Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000).  The Eighth Circuit has described dismissal with prejudice as "'an extreme sanction [that] should only be used in cases of willful

disobedience of a court order or . . . persistent failure to prosecute a complaint.'" Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998) (quoting Givens v. A.H. Robinson Co., 751 F.2d 261, 263 (8th Cir. 1984)).

Rule 37(d) provides courts with the discretion to order sanctions for a party's failure to "serve its answers, objections, or written response" to properly served interrogatories and requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," including dismissal. Fed. R. Civ. P. 37(d)(3). "To justify a sanction of dismissal, Rule 37 requires '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co., 559 F.3d 888, 898 (8th Cir. 2009) (quoting Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000)). The Court's discretion to issue sanctions under Rule 37 "'is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery.'" Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)).

Plaintiff's pro se status does not excuse him from his obligations to comply with court orders and the Federal Rules of Civil Procedure. See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted). Where a court gives meaningful notice

of what is expected of pro se litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns that their failure to comply with subsequent court orders would result in "dismissal of their action," dismissal is proper. Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).

### III. DISCUSSION

All three elements required for dismissal under Rule 37 are met in this case. First, the Court has issued two orders compelling Plaintiff to respond to Defendants' interrogatories and requests for production. (Docs. 27 and 32). Plaintiff has not responded to the February 7 or June 4 Court Orders. Over six months' time has passed since this Court issued the February 7 Order and two months' time has passed since the Court issued the June 4 Order.

Second, Plaintiff appears to have intentionally violated the Court's Orders by failing to engage in discovery with Defendants, despite being ordered to do so twice, with a lengthy passage of time after each Order. In the February 7 Order, the Court warned Plaintiff that failure to respond as ordered could result in sanctions as contemplated by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). In the June 4 Order, the Court expressly warned Plaintiff that failure to comply would result in dismissal of this action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff has failed to respond to Defendants' Motions, leaving the Court with no explanation as to why Plaintiff has not responded to Defendants' discovery requests. The Court construes Plaintiff's failure to provide discovery as willful disobedience of a court order, as opposed to accidental or involuntary conduct.

Third, Defendants have been prejudiced by Plaintiff's conduct. Defendants have been unable to move forward with their defense, to assess the factual merits of Plaintiff's claims, to determine what additional discovery may be needed, or to determine if dispositive motions are

appropriate. In addition, Defendants have been required to expend legal fees and time trying to obtain discovery from Plaintiff.

The Court concludes that the sanction of dismissal without prejudice is appropriate, given Plaintiff's willful failure to comply with the Court's Orders compelling discovery and failure to prosecute this case. Because dismissal with prejudice is an "extreme sanction," <u>Givens</u>, 751 F.2d at 263, it is not proportionate to Plaintiff's conduct in this case. There is no indication that any lesser sanction would be effective in compelling Plaintiff's compliance with the Court's Orders. Dismissal without prejudice strikes the appropriate balance here.

The Court will deny Defendants' request for attorney's fees and expenses, as dismissal without prejudice is an adequate sanction, and imposition of fees appears unjust as there is no indication the indigent Plaintiff has any ability to pay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions and Second Motion for Sanctions are **GRANTED** in part and **DENIED** in part as set forth herein. [Docs. 30 and 33]. Plaintiff's complaint is **DISMISSED without prejudice** and Defendants' request for attorney's fees is **DENIED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of August, 2018.